ARTHUR C. LOGAN MEMORIAL
HOSPITAL, Plaintiff,

v.

Philip L. TOIA, as Commissioner of
Social Services of the State of New
York, et al., Defendants.

No. 77 Civ. 1216.

United States District Court,
S. D. New York.

Aug. 24, 1977.

Melvyn Douglas Haywoode, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y. by William J. Hibsher, Asst. U. S. Atty., New York City, for defendant Joseph Califano, Sec. U. S. Dept. of H. E. W.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Defendant Joseph Califano, Secretary of the United States Department of Health, Education, and Welfare (the Secretary), has moved to dismiss pursuant to Rule 12(b)(1), FRCP, or in the alternative, for summary judgment. Since the relief sought against (or from) the Secretary either exceeds his statutory authority or is discretionary, this motion is granted.

Under Title XIX of the Social Security Act (Medicaid) 42 U.S.C. §§ 1396 *et seq.*, HEW reviews and approves State Plans, and insures that States are operating in conformity with their approved plans. Plaintiff, in its complaint, alleges that New York City and New York State are wrongfully withholding Medicaid reimbursement monies, and therefore New York State is out of compliance with its approved plan.[1]

■ Under the Medicaid statute, it is within the discretion of the Secretary to hold a compliance hearing pursuant to 42 U.S.C. § 1396c. The ordering of such a hearing is not within the mandamus power of this Court. *Leonhard v. Mitchell*, 473 F.2d 709 (2d Cir. 1973).[2]

[3] If, after a compliance hearing,[3] the Secretary determines that a State is out of compliance, he may, again within his discretion, withhold part or all payment under Medicaid. That is his *only* statutory remedy. HEW can also enter into negotiations with a State it believes is out of compliance, 45 C.F.R. § 213.1(b). The Secretary can withhold payment or he can negotiate with a State. He cannot compel compliance.

■ In any case, plaintiff's real complaint is against the City and State. A trial on the issue, *inter alia*, of the alleged wrongful withholding of Medicaid money will be held this fall. Since the contract for the services of Logan Hospital under Medicaid was between the Hospital and the City and State, it is not necessary that the Secretary be a party to this action. *Montana Deaconess Hosp. v. Department of Social Services*, 538 P.2d 1021 (Mont.1975).[4]

For the foregoing reasons, defendant Califano's motion to dismiss is granted. Submit order on notice.

---

1. Plaintiff also makes general allegations concerning alleged inequities on the State's and City's parts in determining Medicaid reimbursement rates. No allegations against the Secretary are made with respect to the rates. This issue is presently before another judge of this Court, *Hospital Association of New York State, Inc. v. Toia*, 435 F.Supp. 819 (S.D.N.Y. 1977). Logan Hospital is a member of the plaintiff Hospital Association; the Secretary is a defendant in that suit. Since all issues that plaintiff has raised are being addressed in that class action, there is no need to concurrently litigate those issues here. *Rosenfeld v. Schwitzer Corp.*, 251 F.Supp. 758, 763 (S.D.N.Y.1966).

2. Pursuant to 45 C.F.R. § 213.15, an institution or affected individual may petition to appear as a party at this compliance hearing.

3. While plaintiff has made no request for a compliance hearing, upon receipt of this complaint, HEW has commenced an inquiry to determine whether a compliance hearing is warranted. In effect, plaintiff has now received all the relief to which he is entitled from the Secretary.

4. The Secretary's inquiry into New York State's alleged non-compliance can obviously proceed concurrently with this case. While there will be common issues, the ultimate purposes are different.