**PHOENIX BAPTIST HOSPITAL AND MEDICAL CENTER, INC., et al., Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 90–15244.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 1991.

Decided June 26, 1991.

Richard B. Burnham, Gammage & Burnham, Phoenix, Ariz., for plaintiffs-appellants.

Sally M. Rider, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before SCHROEDER and FARRIS, Circuit Judges, and DUMBAULD,\* Senior District Judge.

FARRIS, Circuit Judge:

Phoenix Baptist Hospital and various Arizona health care providers appeal the dismissal of their Federal Tort Claims Act action, alleging that the Department of Health and Human Services was negligent in overseeing the administration of the experimental Arizona Health Care Cost Containment System. The district court held that it lacked subject matter jurisdiction because the federal government was protected by the discretionary function excep-

---

\* Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

tion to liability under the FTCA, 28 U.S.C. § 2680(a). We affirm.

## BACKGROUND

The procedural and factual background of this case is set forth in the district court's opinion. *Phoenix Baptist Hospital and Medical Center v. United States*, 728 F.Supp. 1423, 1424–25 (D.Ariz.1989).

## DISCUSSION

Phoenix Baptist Hospital argues that certain "prime contractors" employed under the Arizona medicaid plan failed to satisfy federal financial disclosure requirements, *see, e.g.*, 42 C.F.R. §§ 455.104–105, and that the Department of Health and Human Services was negligent in not withholding federal funds from the Arizona medicaid program.

42 U.S.C. § 1396c governs the withholding of federal funds for failure to comply with federal medicaid requirements. Section 1396c directs the Secretary of Health and Human Services to withhold federal medicaid funds if, after a formal hearing, the Secretary finds that the state agency has failed to comply with federal requirements. However, the decision as to whether a compliance hearing is warranted is discretionary. *See Arthur C. Logan Memorial Hosp. v. Toia*, 441 F.Supp. 26, 27 (S.D.N.Y.1977). No compliance hearing was held regarding the Arizona medicaid system.

Under *United States v. Gaubert*, — U.S. —, 111 S.Ct. 1267, 1274–75, 113 L.Ed.2d 335 (1991), we presume that the decision regarding whether to hold a compliance hearing is grounded in matters of policy.

Because the predicate decision of whether to hold a compliance hearing entailed an exercise of policy judgment, the federal government's failure to withdraw funding from the Arizona medicaid system falls within the discretionary function exception to the FTCA. *See id.*, 111 S.Ct. at 1279 (noting that the discretionary function exception is not restricted to acts of negli-

gence which occur in the course of establishing broad policies, but also protects decisions by regulators exercising day-to-day supervisory authority); *Summers v. United States*, 905 F.2d 1212, 1214 (9th Cir. 1990). The decision not to hold a compliance hearing is protected regardless of whether the decision was the result of negligent default. *See In re Consolidated United States Atmospheric Testing Litig. v. Livermore Labs.*, 820 F.2d 982, 998–99 (9th Cir.1987), *cert. denied*, 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988).

Phoenix Baptist Hospital has failed to meet its burden of demonstrating that sovereign immunity has been waived. *See Mitchell v. United States*, 787 F.2d 466, 467 (9th Cir.1986), *cert. denied*, 484 U.S. 856, 108 S.Ct. 163, 98 L.Ed.2d 118 (1987). We need not consider whether 42 U.S.C. § 1315 provides an alternative basis for invoking the discretionary function exception nor whether Phoenix Baptist Hospital's claims set forth the breach of a duty cognizable under the FTCA.

AFFIRMED.