**Harriette A. STEELE, by her next friend Raymond S. STEELE, individually and as Raymond S. Steele, individually and as representative of a class of similarly situated persons, Plaintiffs,**

v.

**Suzanne L. MAGNANT, in her capacity as Administrator of the Indiana Department of Public Welfare and Louis W. Sullivan, in his capacity as Secretary of the United States Department of Health and Human Services, and all other persons working at their direction or in concert with them, Defendants.**

No. S90–00485.

United States District Court,
N.D. Indiana,
South Bend Division.

June 10, 1992.

**1144**

Kent Hull, 105 E. Jefferson, South Bend, Ind., for plaintiffs.

Leneigha L. Downs, Indianapolis, Ind. and Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANT LOUIS W. SULLIVAN'S MOTION TO DISMISS

ALLEN SHARP, Chief Judge.

This cause is now before the court on the defendant Louis W. Sullivan's (hereinafter "Secretary") Motion to Dismiss filed together with his Answer on December 6, 1990. The Secretary filed this Memorandum of Law in Support of his Motion to Dismiss and in Opposition to Plaintiff's Motion for Partial Summary Judgment on April 17, 1991. The court heard oral argument regarding this matter on January 10, 1992 and ordered supplemental briefing at that time. On February 14, 1992 the plaintiffs filed their Memorandum of Law Addressing Jurisdiction of the Court Over and Propriety of Their Claim Against the Secretary of the United States Department of Health and Human Services. The Secretary submitted Supplemental Points and Authorities Regarding Lack of Subject Matter Jurisdiction Under §§ 1331 and 1361 on March 2, 1992 to which the plaintiffs filed a reply on March 10, 1992. On April 7, 1992 the plaintiffs submitted Supplemental Authority Addressing Jurisdiction of the Court Over and Propriety of Their Claim Against the Secretary of the United States Department of Health and Human Services. The Secretary, again, submitted additional authority on April 14, 1992.

The Secretary argues that this court lacks both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and mandamus jurisdiction pursuant to 28 U.S.C. § 1361. The court having fully informed itself on the issues presented now GRANTS the Secretary's Motion to Dismiss [1]; the plaintiff's Motion for Summary Judgment against the Secretary is DENIED.

### I. Dismissal

■ Dismissal of a complaint is appropriate only if it appears beyond doubt that the

---

1. For reasons explained later in this opinion, the court treats the Defendant's Motion to Dismiss as a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56.

plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). *See also, Dresser Industries v. Pyrrhus AG,* 936 F.2d 921, 933 (7th Cir. 1991). When the court of appeals for this circuit reviews the granting of a motion to dismiss, the well-pleaded factual allegations of the complaint are taken as true. *See Rothner v. City of Chicago,* 929 F.2d 297, 302 (7th Cir.1991); *Janowsky v. United States,* 913 F.2d 393, 395 (7th Cir.1990). Further, when the court of appeals reviews the complaint, it is required to accept only factual allegations; "it is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976); *see also, Reichenberger v. Pritchard,* 660 F.2d 280, 282 (7th Cir.1981).

■ If a motion to dismiss is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and materials outside the motion to dismiss are presented to and not excluded by the court, then the motion to dismiss may be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. *See, First Interstate Bank, N.A. v. Chapman & Cutler,* 837 F.2d 775, 776–777 (7th Cir.1988); *Cange & Stotler and Co., Inc.,* 826 F.2d 581, 583 (7th Cir.1987); and *Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987). Thus, if a party moves for dismissal upon the pleadings alone, it will be considered a Rule 12(b)(6) motion for dismissal. However, if a party files a Rule 12(b)(6) motion for dismissal and the court relies on materials outside the pleadings, it will be considered a Rule 56 motion for summary judgment.

In this case the Secretary has premised at least a portion of his argument for dismissal upon this court's Order on Motion for Partial Summary Judgment entered July 22, 1991 which permanently enjoined

the State defendant from reducing the hours of home-based services to Medicaid recipients without providing legally sufficient notice and an opportunity to be heard in accordance with the regulations at 42 C.F.R. §§ 431.206, 431.210, and 431.230. The Secretary noted in his arguments supporting his motion for dismissal that with the entry of permanent injunction, the plaintiffs have obtained all relief sought. (*See,* The Federal Defendant's Submission of Supplemental Points and Authorities Regarding Lack of Subject Matter Jurisdiction Under §§ 1331 and 1361 filed March 2, 1992 at p. 1.) As this causes the court to look outside the pleadings alone in deciding this motion, the court will regard the motion as one for Summary Judgment pursuant to Fed.R.Civ.P. 56.

## II. Summary Judgment

■ Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exist no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *accord Juarez v. Ameritech Mobile Communications,* 957 F.2d 317, 320 (7th Cir.1992). A material question of fact is a question which will be outcome-determinative of an issue in that case. *Wainwright Bank v. Railroadmens Federal Sav.,* 806 F.2d 146 (7th Cir.1986).

The most recent, thorough discussions of Rule 56 by the Supreme Court of the United States can be found in a trilogy of cases decided in 1986. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)[2]; and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

---

**2.** For the judicial epilogue of *Celotex,* see *Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33

(D.C.Cir.1987), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988).

After *Celotex*, it is clear that a non-moving party may not rest on its pleadings to avoid summary judgment. *Celotex*, 477 U.S. at 325–26, 106 S.Ct. at 2553–54. *See also Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); and *Zayre Corp. v. S.M. & R. Co.*, 882 F.2d 1145 (7th Cir.1989). "The days are gone, if they ever existed, when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir.1990). The initial burden is on the moving party to demonstrate "with or without supporting affidavits" the absence of a genuine issue of material fact, and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2552 (quoting Rule 56). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial.' " *Id.* Furthermore, in *Anderson*, the Court held that what facts are material in a specific case shall be determined by the substantive law controlling that case or issue. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In addition, the court went on to interpret Rule 56 as requiring that the courts analyze summary judgment motions utilizing the standard of proof relevant to that case or issue. *Id.* at 252–55, 106 S.Ct. at 2512–14.

For academic insight into *Celotex* and *Anderson*, see Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court*, 116 F.R.D. 183, 194 (1987), where the author states:

> [t]he recent Supreme Court cases likely require that summary judgment be more readily granted.... This emerging trend signals a new era for summary judgment, one in which the old presumptions are giving way to a policy of balancing and efficiency, and the mechanism is more appropriate to double as a sufficiency motion—allowing some sort of trial itself on the paper record.

More recently Childress has written that *Celotex* and *Anderson* clarify that Rule 56 motions

> should not be hesitantly granted when appropriate.... Any litigant dealing with summary judgment must be aware of this new trend, the Court's cases, their application in each circuit, and the direction they portend. Pretrial practice is a new ballgame.

Childress, *A Standards of Review Primer: Federal Civil Appeals*, 125 F.R.D. 319, 343 (1989).

Recent object lessons applying these ideas are found in *Karazanos v. Navistar Intern. Transp. Corp.*, 948 F.2d 332, 335 (7th Cir.1991); *Old Republic Ins. Co. v. Federal Crop Ins. Corp.*, 947 F.2d 269, 273–274 (7th Cir.1991); and *Un. Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1265 (7th Cir.1990).

### III. The Medicaid Program—Statutory and Regulatory Scheme

The Medicaid program is codified as Title XIX of the Social Security Act ("Title XIX"). 42 U.S.C. § 1396, *et seq.* The federal government and participating states jointly finance the Medicaid program. *See,* 42 U.S.C. §§ 1396 and 1396a. Participation by a state is voluntary, but to receive federal funds states must submit and follow a plan which complies with Title XIX and the federal regulations. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 498, 110 S.Ct. 2510, 2513, 110 L.Ed.2d 455 (1990); *Lett v. Magnant*, 965 F.2d 251, 252 (7th Cir.1992). The plan must be approved by the Secretary. 42 U.S.C. § 1396. Upon approval of its State plan, a State becomes entitled to reimbursement by the Federal government for a portion of its payments to providers of medical assistance to Medicaid recipients. 42 U.S.C. § 1396b(a).

If the Secretary later finds that a State is not in compliance with its plan, the Secretary may take steps as outlined in 42 U.S.C. § 1396c to alleviate any such failure to comply. However, before taking any compliance action, the Secretary must provide the State "reasonable notice and op-

portunity for hearing...." 42 U.S.C. § 1396c.

In its plan, a State must provide an individual with an opportunity to be heard if a "claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness." 42 U.S.C. § 1396a(a)(3). The federal regulations specify that an applicant must be notified of his right to a hearing "(1) [a]t the time that the individual applies for Medicaid; and (2) [a]t the time of any action affecting his claim." 42 C.F.R. §§ 431.206(b) and 431.206(c). Notices with respect to actions affecting a claim must include a reason for the "intended action" and explain the individual's right to request a hearing. 42 C.R.F. §§ 431.210(b) and 431.210(d). Individuals must be notified at least ten days prior to any adverse action unless there is reason to believe the recipient has acted fraudulently. 42 C.F.R. §§ 431.211 and 431.214. Further, if "the recipient requests a hearing before the date of action, the agency may not terminate or reduce services until a decision is rendered...." 42 C.F.R. § 431.230(a). The plaintiffs alleged that the original notice forms used by the state of Indiana violated these rules. As noted previously, the court ordered the State defendant to comply with the above-described notice provisions in its July 22, 1991 order. To that extent, the plaintiffs have achieved relief on this particular part of their claim.

The plaintiffs have also attacked Indiana's Medicaid spend down liability determination provision as violative of federal law. Paragraph 31 of the plaintiff's original Verified Complaint alleged that the

State. defendant had "determined Mrs. Steele's spenddown liability by ·considering only those expenses which she incurred on a monthly basis and does not consider all medical expenses for which she is currently liable." [3] The Secretary admitted this allegation in the corresponding paragraph of his Answer filed December 6, 1990. The State defendant admitted this allegation in paragraph 21 of her Answer filed October 25, 1990.

The issue currently before the court boils down to whether the Secretary's failing to force Indiana to comply with notice provisions and 42 U.S.C. §§ 1396a(a), (f), 1396a(a)(17), and 1396a(f) when calculating a recipient's spend down is sufficient to give this court either 28 U.S.C. §§ 1331 or 1361 jurisdiction over the Secretary.

## IV. The Court's Subject Matter. Jurisdiction Under § 1331

The court first addresses whether it has jurisdiction pursuant to 28 U.S.C. § 1331.[4] The Federal defendant filed its Motion to Dismiss against the plaintiffs alleging that the plaintiffs had failed to state a claim against the Federal defendant. The plaintiff's sole claim against the Secretary is that he "has violated the statutes and rules cited in the previous claims, as well as the due process clause of the Fifth Amendment to the Constitution of the United States, in that he has failed to require Defendant Magnant [the State Defendant] to comply with the legal provisions set forth." Complaint p. 14, ¶ 49.

In its Statement of Material Facts as to Which There is No Genuine Issue ("Statement") filed by the plaintiffs on March 28,

---

3. The use of "spend down" essentially provides an exception to the general rule that Medicaid is available only to individuals whose income and resources fall within limits established by the State of Indiana. However, Congress has provided that eligibility should be extended to some individuals whose income may exceed the limits, but who nevertheless incur medical bills in excess of the income limits. 42 U.S.C. § 1396a(f). *Hayes v. Stanton,* 512 F.2d 133, 138 (7th Cir.1975). *In such cases, Indiana, pursuant to federal mandate, allows individuals to establish eligibility for Medicaid "for that part of any month after his incurred medical expenses equal his excess income." 470 I.A.C. 9.1–3–

12(b) (1988). The amount of medical expenses which each recipient must incur in such cases before becoming eligible for Medicaid is referred to as the "spend down." It resembles a health insurance deductible provision, except that the recipient is not required actually to pay the spend down amount, but simply to incur the bill in order to activate Medicaid coverage. 470 I.A.C. 9.1–3–12(c) (1988).

4. 28 U.S.C. § 1331 provides:
   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

1991, none of the proposed findings of fact mentions any alleged action or omission of the Secretary. Paragraph 2 of the Statement alleges a basis for subject matter jurisdiction which is disputed by the Secretary. The only other reference to the Secretary comes in ¶ 6 which reads as follows:

> Plaintiffs sue the Administrator of the Indiana Department of Public Welfare (DPW), who has responsibility for implementation and supervision of the Medicaid program in that state. They also sue the Secretary of the United States Department of Health and Human Services, who is responsible for implementation of those provisions of the Social Security establishing Medicaid benefits, 42 U.S.C. 1396 *et seq.*

The balance of the Statement relates to the plaintiffs and their interaction with the State defendant.

The Secretary also argues that the plaintiffs lack standing to bring this action against the Secretary. Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies. *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). Embedded within the "case or controversy" concept is the doctrine of standing. To meet Article III's standing requirements, a party must show, "at an irreducible minimum," (1) some "actual or threatened" injury; (2) that can fairly be traced to the challenged action of the defendant; and (3) is likely to be redressed if the relief sought is granted. *Valley Forge*, 454 U.S. at 472, 102 S.Ct. at 758; *Peoples Gas, Light & Coke Co. v. United States Postal Serv.*, 658 F.2d 1182, 1194 (7th Cir.1981). The Supreme Court explained in *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978) that

> [t]he essence of the standing inquiry is whether the parties seeking to invoke the court's jurisdiction have 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so

largely depends for illumination of difficult constitutional questions.' As refined by subsequent reformulation, this requirement of a 'personal stake' has come to be understood to require not only a 'distinct and palpable injury,' to the plaintiff, but also a 'fairly traceable' causal connection between the claimed injury and the challenged conduct.

In this case the Secretary argues that the plaintiffs fail to satisfy the second and third elements of Article III standing. While the Secretary admits that the plaintiffs have suffered injury, the Secretary cites *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976) for the proposition that injury alone does not give the plaintiffs standing to sue. The Secretary reiterates that the plaintiffs have alleged no facts sufficient to warrant a finding that they have suffered any injury fairly traceable to any action the Secretary has or has not taken. And, as the Secretary argues, if nothing is fairly traceable to actions taken by the Secretary, it follows that the third element of the standing doctrine cannot be satisfied, because a ruling against the Secretary would not correct the purported injury. The court is persuaded by this argument. However, the court also notes that even if the plaintiffs satisfy Article III standing requirements, the court's jurisdiction to review the Secretary's decision in this case would be dubious at best.

To explain, this court will now address its ability, if any, to review an agency's decision not to enforce compliance. The law this court must follow has been articulated by the Supreme Court of the United States in an opinion written by Chief Justice Rehnquist. Specifically, he wrote:

> [t]his Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. This recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial re-

view of agency decisions to refuse enforcement.

*Heckler v. Chaney*, 470 U.S. 821, 831, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985) (citations omitted). The reasons for the Supreme Court's decision in *Chaney* are as true today as in 1985. As the Supreme Court stated then:

> an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities. Similar concerns animate the principles of administrative law that courts generally will defer to an agency's construction of the statute it is charged with implementing, and to the procedures it adopts for implementing that statute.

*Id.*, 470 U.S. at 831–832, 105 S.Ct. at 1655–56. The Supreme Court's opinion went on to emphasize that an agency decision not to take enforcement action "is only presumptively unreviewable; the presumption may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." *Id.*, 470 U.S. at 832–833, 105 S.Ct. at 1656–57.

The plaintiffs argue that this court has jurisdiction to hear their claim against the Secretary, because the state has violated the requirements of 42 U.S.C. § 1396a, *et seq.*, and the Secretary has failed to take action against the state to enforce compliance with the mandates of § 1396a pursuant to 42 U.S.C. § 1396c. The plaintiffs assert that while § 1396c provides for the Secretary to use his discretion in deciding what action to take against the State, the statute requires that the Secretary take some action. In other words, taking action is mandatory; only the decision as to what action to take is left to the Secretary's discretion.

Defendant Secretary disagrees with this interpretation of the statute arguing that the decision of whether to take action is also left to the Secretary's discretion and not mandated by the statute.

In resolving this dispute, the language of § 1396c is critical to this court's analysis. Section 1396c provides in pertinent part:

> If the Secretary, after reasonable notice and opportunity for hearing to the State agency administering or supervising the administration of the State plan approved under this subchapter, finds—
>
> (1) that the plan has been so changed that it no longer complies with the provisions of section 1396a of this title; or
>
> (2) that in the administration of the plan there is a failure to comply substantially with any such provision;
>
> the Secretary shall notify such State agency that further payments will not be made to the State (or, in his discretion, that payments will be limited to categories under or parts of the State plan not affected by such failure), until the Secretary is satisfied that there will no longer be any such failure to comply. Until he is so satisfied he shall make no further payments to such State (or shall limit payments to categories under or parts of the State plan not affected by such failure).

42 U.S.C.A. § 1396c.

In settling the argument between the plaintiffs and Secretary, the question for this court becomes whether this statute substantively provides for the Secretary to enforce § 1396a. If it does not, then the *Chaney* presumption of unreviewability controls. However, if the language does set forth guidelines for the agency to follow then this is just the exception to the presumption of unreviewability that the *Chaney* court alluded to.

At least one court has held that the Secretary's discretion extends only to the ex-

tent of the sanction to apply. However, assuming a finding of noncompliance, the Secretary must take some action. *Robinson v. Pratt*, 497 F.Supp. 116, 121 (D.Mass. 1980). While this may resolve the dispute as stated between the plaintiffs and Secretary, the court finds that this entire analysis needs to be backed up at least one step.

In light of the Supreme Court's reasoning in *Chaney*, the first question which should have been posed in this analysis is whether the Secretary was required to proceed against the state for noncompliance. It is within the Secretary's discretion to decide whether violations have occurred and whether to spend its resources on a particular violation. *Chaney*, 470 U.S. at 831, 105 S.Ct. at 1655. Thus, in this case, the decision to go forward with an action for noncompliance on the part of the State and to allow an opportunity for hearing is within the Secretary's discretion. To this court's knowledge no such decision to act or hold a hearing was made by the Secretary. There is authority for finding that such compliance hearings are within the Secretary's discretion. *See, e.g., Arthur C. Logan Mem. Hosp. v. Toia*, 441 F.Supp. 26, 27 (S.D.N.Y.1977) and *Phoenix Baptist Hosp. and Medical Center v. U.S.*, 937 F.2d 452, 453 (9th Cir.1991). In its reasoning in the *Phoenix Baptist Hosp.*, the Ninth Circuit relied upon *United States v. Gaubert*, —— U.S. ——, 111 S.Ct. 1267, 1274–75, 113 L.Ed.2d 335 (1991) to "presume that the decision regarding whether to hold a compliance hearing is grounded in matters of policy." Based upon these authorities, this court concludes that the Secretary's discretionary decision not to go forth with a compliance hearing falls within the *Chaney* presumption of unreviewability. Thus, this court finds that even if the plaintiffs have standing, this court would still be prevented from reviewing the Secretary's decision. However, this does not conclude the court's findings as the plaintiffs also argue that this court has mandamus jurisdiction.

## V. Mandamus Jurisdiction

■ This court now addresses whether it has mandamus jurisdiction over the Secretary and, thus, subject matter jurisdiction pursuant to 28 U.S.C. § 1361.[5] The Secretary claims that the plaintiffs do not state a cause of action in mandamus and, thus, do not invoke this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1361. For the reasons that follow, this court must agree with the Secretary's position.

The Supreme Court has declared that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff *only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.*" *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984) (emphasis added). The Seventh Circuit, recognizing that the mandamus remedy is only available "under *exceptional* circumstances of *clear illegality*," has subdivided these requirements into three elements necessary for an action in mandamus:

(1) a clear right in the plaintiff to the relief sought;

(2) a plainly defined and peremptory duty on the part of the defendant to do the act in question;

(3) no other adequate remedy available.

*Homewood Professional Care Ctr. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir.1985) (quoting *Americana Healthcare Corp. v. Schweiker*, 688 F.2d 1072, 1084 (7th Cir. 1982), *cert. denied*, 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 434 (1983)).

This court need not even address the first two elements of the Seventh Circuit's test spelled out in *Homewood Professional Care Ctr.* and holds nothing with respect to same. The third prong of the *Homewood Professional Care Ctr.* test prohibits mandamus jurisdiction if another adequate remedy is available. Here, if this action has merit, the plaintiff class can obtain complete relief from the State defendant. The plaintiffs themselves seem to have ac-

---

**5.** 28 U.S.C. § 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

knowledged this fact, at least impliedly, when they pursued preliminary injunctive relief against the State defendant only.

In *Rush v. Parham,* 625 F.2d 1150 (5th Cir.1980), a Medicaid recipient sued State officials for denying Medicaid reimbursement for a proposed surgery and the Secretary for approving the State plan that excluded the surgery from coverage. The district court granted plaintiff the relief requested. *Rush v. Parham,* 440 F.Supp. 383 (N.D.Ga.1977). However, the Fifth Circuit Court of Appeals reversed and dismissed the action against the federal defendant for lack of subject matter jurisdiction. The court held that the only "plausible basis for jurisdiction" was mandamus jurisdiction but that the elements of mandamus jurisdiction were not satisfied.

> Putting aside the question whether any federal defendant owes a specific duty to this plaintiff, we think it clear that mandamus is unavailable here *because Rush's remedy against Georgia state defendants is adequate to provide her every significant aspect of the relief requested.*

*Rush,* 625 F.2d at 1154 (emphasis added; footnote omitted).[6] As support for this proposition, the Fifth Circuit cited *Ramirez v. Weinberger,* 363 F.Supp. 105 (N.D.Ill. 1973), *aff'd.,* 415 U.S. 970, 94 S.Ct. 1553, 39 L.Ed.2d 867 (1974), in which plaintiffs challenged the constitutionality of a provision of the Aid to Families With Dependent Children ("AFDC") program which terminated student benefits when a child attained age 21. In a per curiam decision, a three-judge court held that mandamus was not available against the Secretary, because the plaintiffs had a remedy against the State defendants adequate to afford complete relief. *Ramirez,* 363 F.Supp. at 109.

The Secretary also cited *Davis v. Ball Mem. Hosp. Ass'n,* 640 F.2d 30 (7th Cir. 1980). That case involved a suit by indigent former patients of defendant hospital to enforce the Hill–Burton Act. The Seventh Circuit held that there was no private right of action "to compel specific action by the Secretary to compel the facilities to comply [with Hill–Burton obligations]." *Id.* at 45. While the *Davis* decision focused on the Hill Burton Act, this court notes that other district courts in this circuit have determined that a private right of action against the Secretary does not exist under the Medicaid Act. *See e.g., Illinois Health Care Ass'n v. Suter,* 719 F.Supp. 1419, 1422–1425 (N.D.Ill.1989).[7]

Based upon the reasons outlined above and the authorities cited, this court finds that mandamus is not an appropriate remedy in this case.

### VI. Conclusion

For the foregoing reasons and based upon the authorities cited this court finds that the Secretary's Motion to Dismiss, addressed as a Motion for Summary Judgment in this Order, is GRANTED and the Plaintiff's Motion for Summary Judgment Against the Secretary is DENIED.

SO ORDERED.

---

**6.** While this court holds nothing as to whether the defendant Secretary had "a plainly defined and peremptory duty ... to do the act in question," it notes that in *Rush,* the Fifth Circuit, by way of footnote, expressed the view that Federal officials probably do not

> owe a duty to particular Medicaid recipients to disapprove a state Medicaid plan that improperly denies them benefits. We have been pointed to no statutory language explicitly creating such a duty, and to find one implicit in the overall Medicaid scheme would likely alter the general supervisory responsibilities of the federal government therein.

*Rush,* 625 F.2d at 1154 n. 5.

**7.** For a discussion of *Illinois Health Care Ass'n,* the factors set forth in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), and the strong presumption against creating implied rights of action, *see, Marie Banks v. Secretary of the Indiana Family and Social Services Administration,* 790 F.Supp. 1427 (N.D.Ind. 1992).